# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2020

Lyle W. Cayce
Clerk

No. 20-10148
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERMINIO PERALES-PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-246-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Herminio Perales-Perez appeals his guilty plea conviction for illegal reentry and the 70-month prison term and three-year supervised release term that followed. *See* 8 U.S.C. § 1326(a), (b)(1). For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10148

We reject Perales-Perez's assertion that the sentence imposed is substantively unreasonable because his argument is purely conclusory, unsupported by record citations, and essentially unbriefed. Although Perales-Perez contends that the sentence and the reasons given for it fail to consider and give significant weight to mitigating factors, he does not identify any such factors. We will not search the record to find support for Perales-Perez's counseled brief. *See Nicholas Acoustics & Specialty Co. v. H & M Const. Co.*, 695 F.2d 839, 846–47 (5th Cir. 1983); *see also* Fed. R. App. P. 28(a)(8)(A). "Inadequately briefed issues are deemed abandoned." *United States v. Stevens*, 487 F.3d 232, 244 (5th Cir. 2007); *see also United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Similarly, Perales-Perez's one-line contention that the district court relied solely, and thus improperly, on his criminal history is deemed abandoned because it is conclusory and is merely mentioned in passing without being developed into an argument. *See Stevens*, 487 F.3d at 242 n.1; *Cothran*, 302 F.3d at 286 n.7. We do not liberally construe a counseled brief. *Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010).

Perales-Perez also contends that it was error to sentence him to a term of imprisonment greater than two years and a term of supervised release longer than one year for a violation of § 1326. He states that this issue raises subsidiary issues, the first being whether the statutory enhancement provisions in § 1326(b) are unconstitutional because Congress unequivocally intended the enhancements to be sentencing factors, not elements of separate offenses. The second subsidiary issue is whether his guilty plea was involuntary and violated Federal Rule of Criminal Procedure 11 because he was not admonished that the prior felony provision of § 1326(b)(1) stated an essential offense element that he had the right to have the government prove, and a jury find, beyond a reasonable doubt. Perales-Perez concedes that any

No. 20-10148

relief in connection with these issues is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998).  He nevertheless raises them to preserve them for further review.

AFFIRMED.